UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. THERIOT,

    Plaintiff,

v.

                      Case No. 10-CV-11617

                      HONORABLE DENISE PAGE HOOD

HSBC BANK,

    Defendant.
_____/

## ORDER REGARDING VARIOUS MOTIONS,
## ORDER DISMISSING ACTION and
## ORDER REMANDING MATTERS REMOVED BACK TO STATE COURT

**I.    BACKGROUND**

The instant case, filed April 21, 2010 ("April 2010 case"), was assigned to the Honorable Paul D. Borman and later assigned to this Court because of an earlier companion case filed by Plaintiff Cheryl L. Theriot against Defendant HSBC Bank, Case No. 09-11639 ("2009 case"). That case was dismissed without prejudice since Theriot withdrew the Complaint. In the April 2010 case, Theriot filed a Complaint, an Application to Proceed In Forma Pauperis and a Notice of Removal. The parties have since filed various motions.

On May 13, 2010, Theriot filed another case against counsel of Defendant HSBC Bank, Trott and Trott and Jennifer Mathews, Case No. 10-11951 ("May 2010 case"). That case was assigned to the Honorable Patrick J. Duggan and reassigned to this Court as a companion case. Theriot alleges Defendants filed illegal eviction orders against her and are continually harassing her. There are also motions filed in that case.

The lawsuits filed by Theriot stem from proceedings brought by HSBC in the 36th District

Court, State of Michigan, involving the property, commonly known as 446-456 Marston, Detroit, Michigan ("Property"). HSBC obtained a Sheriff Deed to the Property on January 2, 2008, after a default of a Mortgage by Jonathan Yeh. After the six month redemption period on the Sheriff Sale expired, HSBC entered into a Consent Judgment on August 26, 2008 with Theriot for eviction. Theriot was an occupant of the Property at that time.

Theriot thereafter instituted various proceedings, including the April 2010 case in this Court which was voluntarily dismissed by Theriot. HSBC obtained a Writ of Restitution in the 36th District Court on April 16, 2010. HSBC has not taken any further action to execute the Writ of Restitution pending the outcome of its Motion to Remand.

## II.    ANALYSIS

### A.    Application to Proceed *In Forma Pauperis* and Dismissal of Complaint

The Court has yet to rule on Theriot's Application to Proceed *In Forma Pauperis*.[1] A review of Theriot's application supports her claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint against HSBC.

In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual

---

[1] Judge Duggan granted Theriot's Application to Proceed In Forma Pauperis in the May 2010 case.

2

> has had an opportunity to amend the complaint. The complaint must
> be dismissed if it falls within the requirements of § 1915(e)(2) when
> filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Liberally construing the Complaint, Theriot fails to state a claim against HSBC. The Complaint claims HSBC filed a motion in the 36th District Court to have an invalid and illegal Writ of Restitution restored. The judge granted the Writ of Restitution and Order of Eviction. Theriot claims both of these documents are illegal because the Property is owned by Theriot and her sons. Theriot claims the deed for the property was shown to the Bailiff and the police on April 20, 2010. Theriot asserts that HSBC has an invalid Sheriff's Deed. Theriot states that the Order of Eviction was issued for an entity that no longer exists. Theriot claims the police used the illegal Order to unlawfully enter her property. Theriot states that HSBC and the police committed crimes and that this matter is both a civil and a criminal matter. Because HSBC cannot be prosecuted criminally, Theriot is instead seeking $100,000,000.00 as monetary punishment. (Complaint, Doc. No. 1)

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), under Rule 12(b)(6) of the Rules of Civil Procedure, the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on

an accepted pleading standard." *Id.* at 563. The Supreme Court clarified in *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1948-50, 173 L.Ed.2d 868 (2009) that "bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to "an assumption of truth." *Iqbal,* 129 S.Ct. at 1951. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. After *Iqbal* and *Twombly,* in order for a complaint to state a claim, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"--"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Liberally construing Theriot's Complaint, the Court finds that it fails to state a claim upon which relief may be granted. Theriot alleges that the Writ of Restitution and the Order of Eviction are illegal because she owns the Property. Theriot has not shown that this Court has any authority to review or overturn any orders entered by the 36th District Court, State of Michigan.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts give the same preclusive effect to a state court judgment that a court of the state in which the judgment was rendered would accord the judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1 (1984); *Heyliger v. State Univ. and Community College Sys. Of Tenn.,* 126 F.3d 849, 851

(6th Cir. 1997). A federal court looks to the law of the state where the judgment was issued to determine the extent of the preclusive effect of the prior state court judgment. *Heyliger,* 126 F.3d at 851-52. The Sixth Circuit has noted "the perennial confusion over the vocabulary and concepts of the law of preclusion. *Id.* at 852. The Supreme Court has instructed that:

> The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "res judicata." Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Migra.,* 465 U.S. at 77 n. 1. Michigan law requires a court to apply claim preclusion if: 1) there was a prior and final decision on the merits; 2) the parties in both lawsuits are the same; and 3) the matter in the second case was, or could have been, resolved in the first lawsuit. *Reid v. Thetford Twp.,* 377 F. Supp. 2d 621, 624-25 (E.D. Mich. 2005); *Adair v. State,* 470 Mich. 105, 121, 680 N.W.2d 386 (Mich.2004). Once the three elements are met, claim preclusion can operate in two ways. It will bar "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Sewell v. Clean Cut Mgmt., Inc.,* 463 Mich. 569, 575 (2001).

As alleged by Theriot in her Complaint, there has been a prior and final decision on the merits before the 36th District Court–that Theriot is not the proper owner of the Property and must be evicted. The parties in this case and in the 36th District Court are the same–Theriot and HSBC.

5

The claims before this Court–that Theriot is the owner of the Property and HSBC cannot execute on the Writ of Restitution–has been resolved by the 36th District Court. Theriot's claims against HSBC filed in this Court is barred by *res judicata*. The Complaint against HSBC fails to state a claim against HSBC and must be dismissed.

**B.**     **HSBC's Motion to Remand**

As noted above, in addition to filing a Complaint against HSBC, Theriot also filed a Notice of Removal the 36th District Court case to this Court. Given that the Court dismisses Theriot's Complaint, this motion would generally be rendered moot.[2] However, because Theriot also filed a Notice of Removal, the Court addresses HSBC's Motion to Remand. HSBC claims that the removal was improper under 28 U.S.C. § 1441. Theriot opposes remand.

28 U.S.C. § 1441(a) provides for removal of actions filed in state court to the district court if the district court has original jurisdiction over the cause of action. In an action based on diversity, the action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). 28 U.S.C. § 1446 provides that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant ..." 28 U.S.C. § 1446(b). 28 U.S.C. § 1446(d) governs the notice requirement for removal:

---

[2] Generally, the filing of a complaint is a separate lawsuit from a filing of a Notice of Removal of a case from the state courts. In this case, Theriot filed a Complaint on April 21, 2010. In the same case number, on May 10, 2010, Theriot filed a Notice of Removal removing the case before the 36th District Court, State of Michigan, to this Court. The May 10, 2010 Notice of Removal should have been filed as a separate case by Theriot.

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State Court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). The removing party has the burden of proving that the federal district court has jurisdiction. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). This burden is a difficult one; removal statutes "are strictly construed," and any ambiguities "must be resolved in favor of the non-removing party." *Id.* Technical defects in the removal procedure may not be raised *sua sponte* but may be raised by a party within thirty days of removal or they are waived. *See* 28 J.S.C. § 1447(c); *Page v. City of Southfield,* 45 F.3d 128, 133 (6th Cir. 1995). Frank opposition to removal if asserted by the party who affirmatively seeks a remand within the thirty-day period satisfies the prerequisite of a motion and empowers the district court to enforce the requirements in the removal statute. *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 517 (6th Cir. 2003). Generally, the requirement of notice is mandatory and failure to give notice to opposing counsel is fatal, requiring a remand of the case to the State court. *Flowers v. Aetna Casualty & Surety Co.,* 163 F.2d 411, 416 (6th Cir. 1947). If a good faith effort to provide notice of the removal was made by a defendant, a remand need not be required if the defendant is able to show an attempt to notify the adverse party. *See Alston v. Sofa Exp., Inc.,* 2006 WL 3331685, * 2 (S.D. Ohio Nov. 15, 2006)(unpublished). Failure to receive notice of entry of judgment or order is not an excuse since a party has an affirmative duty to monitor the dockets. *Reinhart v. U.S. Dep't of Agriculture,* 2002 WL 1492097 at *2 (6th Cir. Jul. 10, 2002); *In re Ying Ly,* 2007 WL 2891321, at *2 (6th Cir. B.A.P. Aug. 1, 2007) (unpublished); Fed. R. Civ. P. 77(d). Whether a party is properly served under § 1441(b) is a question of federal law. *Owens v. Detroit Diesel Corp.,* 2009 WL 3873507 at *2, n.

7

3 (E.D. Mich. Nov. 16, 2009)(unpublished).

HSBC claims that this Court lacks subject matter jurisdiction over the Complaint. Theriot has stated no federal question and the Court lacks diversity jurisdiction over the Complaint. The Court agrees there is no federal question alleged in the Complaint. 28 U.S.C. § 1331.

HSBC argues that the Court does not have diversity jurisdiction because Theriot, a defendant in the 36th District Court action, cannot remove the case under 28 U.S.C. § 1441.

Section 1441(b) prohibits a defendant who is a citizen of the State where the case is filed from removing the case to federal court. Theriot does not have the statutory right to remove the case to federal court. As a home state defendant, the removal by Theriot was improper under 28 U.S.C. § 1441(b). *Owens v. Detroit Diesel Corp.,* 2009 WL 3873507 at *4 (E.D. Mich. Nov. 16, 2009)(unpublished). However, proper removal under § 1441 is a technical defect in the removal procedure which HSBC has waived because the motion to remand was not raised within thirty days of removal. *See* 28 J.S.C. § 1447(c); *Page,* 45 F.3d at 133.

Because the Court's subject matter jurisdiction has been raised, the Court will address that issue. The Court finds it has no diversity jurisdiction over the Complaint. Although there is diversity of citizenship, Theriot, a Michigan resident and HSBC, a New York resident, the Complaint fails to allege the amount in controversy. Although the Court need not look beyond the Complaint to determine the amount of controversy, HSBC's papers indicates that the underlying mortgage at issue was $26,000.00. The bid by HSBC on the Property was $65,100.00. Theriot has failed to state a claim under the Court's diversity jurisdiction since there is no indication that the amount in controversy is $75,000.00 or more, as required by 28 U.S.C. § 1332. HSBC's Motion to Remand is granted.

### C. Theriot's Various Motions

Because the Court dismisses Theriot's Complaint and also remands the matter to the 36th District Court, the remainder of Theriot's motions are moot: Motion to Submit Evidence; Motion to Cancel Hearing; Motion for Censorship of 36th District Judge; Motion to Submit Evidence; Motion Offer to Settle; and Motion to Adjust Financial Demand From Defendant.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Application to Proceed *In Forma Pauperis* (**No. 2, filed 4/21/2010**) is **GRANTED**.

IT IS FURTHER ORDERED that the Complaint (**No. 1, filed 4/21/2010**) is **DISMISSED**.

IT IS FURTHER ORDERED that the Motion to Remand Case Back to 36th District Court (**No. 12, filed 6/24/2010**) is **GRANTED**.

IT IS FURTHER ORDERED that the Notice of Removal (**No. 3, filed May 10, 2010**) is **REMANDED BACK** to the 36th District Court, State of Michigan forthwith.

IT IS FURTHER ORDERED that the following motions are **MOOT**: 1) Motion to Submit Evidence (**No. 5, filed 5/13/2010**); 2) Motion to Cancel Hearing and Motion for Censorship of Judge (**No. 6, filed 5/14/2010**); 3) Motion to Submit Evidence (**No. 7, filed 5/14/2010**); 4) Motion for Offer to Settle (**No. 15, filed 8/25/2010**); 5) Motion to Adjust Financial Demand from Defendant (**No. 17, filed 9/21/2010**).

S/DENISE PAGE HOOD<br>
DENISE PAGE HOOD<br>
United States District Judge

DATED: December 22, 2010